UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TERRENCE CARMICHEAL, <br> TDCJ No. 02021606, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § | Civil No. SA-19-CA-0665-DAE |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Terrence Carmicheal's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 3), Petitioner's supplemental Memorandum in Support (ECF No. 10), and Petitioner's supplemental briefing (ECF No. 23). Also before the Court are Respondent Lorie Davis's Answer (ECF No. 18) and Petitioner's Reply (ECF No. 24) thereto.

Petitioner raises numerous claims for relief challenging the constitutionality of his 2015 state court convictions for sexual abuse of a child, aggravated sexual assault of a child, and indecency with a child. In her answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely. Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. Background

In September 2015, Petitioner was convicted by a Bexar County jury of one count of continuous sexual abuse of a child, one count of aggravated sexual assault of a child, and two counts of indecency with a child. The trial court sentenced Petitioner to life imprisonment for the first two counts and twenty years of imprisonment for the second two counts, with the four sentences to run concurrently. *State v. Carmicheal*, No. 2013-CR-9420 (379th Dist. Ct., Bexar Cnty., Tex. Sept. 8, 2015) (ECF No. 19-34 at 12-19). On direct appeal, the Texas Fourth Court of Appeals reversed and vacated Petitioner's conviction for aggravated sexual assault of a child but affirmed his conviction on the other three counts. *Carmicheal v. State*, 505 S.W.3d 95 (Tex. App.—San Antonio, Oct. 19, 2016, pet. ref'd); (ECF No. 19-3). The Texas Court of Criminal Appeals (TCCA) then refused his petition for discretionary review (PDR) on February 1, 2017. *Carmicheal v. State*, No. 1342-16 (Tex. Crim. App.).

On March 22, 2018, Petitioner filed a state habeas corpus application challenging the constitutionality of his state court convictions, but the TCCA eventually denied the application without written order on January 9, 2019. *Ex parte Carmicheal*, No. 89,215-01 (Tex. Crim. App.); (ECF Nos. 19-17, 19-24 at 7). Shortly thereafter, Petitioner filed a second state habeas application on March 14, 2019, which was ultimately dismissed by the TCCA on May 15, 2019, as a successive petition pursuant to Tex. Code. Crim. Proc. Art. 11.07, Sec. 4(a)-(c). *Ex parte Carmicheal*, No. 89,215-02 (Tex. Crim. App.); (ECF Nos. 19-30, 19-32 at 20). Petitioner then placed the instant federal habeas petition in the prison mail system on May 31, 2019.[1]

---

[1] Petitioner certified that he placed the petition in the prison mailing system on May 31, 2019, despite signing and dating the petition May 27, 2019. (ECF No. 3 at 10).

## II. <u>Timeliness Analysis</u>

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's convictions became final May 2, 2017, ninety days after the TCCA refused his PDR and when the time for filing a petition for writ of certiorari to the United States Supreme Court expired. *See* Sup. Ct. R. 13; *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) ("§ 2244(d)(1)(A) . . . takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review"). As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying convictions and sentences expired a year later on May 2, 2018. Because Petitioner did not file his § 2254 petition until May 31, 2019—over a year after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

### A.   <u>Statutory Tolling</u>

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

3

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As discussed previously, Petitioner challenged the instant conviction in a state habeas application signed March 22, 2018, which was later denied by the TCCA on January 9, 2019. Accordingly, Petitioner's first state habeas application tolled the limitations period for a total of 294 days, making his federal petition due on February 20, 2019.

Although Petitioner is entitled to statutory tolling under § 2244(d)(2) for first state habeas application, his second state habeas corpus application does not afford him the same courtesy. Petitioner did not execute his second state habeas application until March 14, 2019, almost a month after the limitations period expired. Because the application was filed after the time for filing a federal petition under § 2244(d)(1) had lapsed, it does not toll the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, petitioner's limitations period for filing a federal petition still expired February 20, 2019. He did not file the instant § 2254 petition until May 31, 2019—over three months late.

**B.     Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional

4

circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner fails to establish that equitable tolling should apply in this case. In his Reply and supplemental briefing (ECF Nos. 10, 23, 24), Petitioner provides several arguments for the application of equitable tolling: (1) he was denied a complete copy of trial transcripts and court records, (2) the law library at his prison unit was inadequate, (3) the TCCA failed to inform him of the denial of his PDR, and (4) he received ineffective assistance from his appellate counsel. As discussed below, none of these arguments amount to an "extraordinary circumstance" that prevented his timely filing. Equitable tolling is therefore unwarranted.

1. <u>State Court Records</u>

Petitioner first contends equitable tolling should apply because he was denied a copy of the trial court records to assist him in the appellate process. According to Petitioner, the state courts' refusal to provide these records violated both his due process and equal protection rights. However, the Constitution does not automatically require state officials to provide an indigent defendant with a free trial transcript and other records. *Kunkle v. Dretke*, 352 F.3d 980, 985-86 (5th Cir. 2003). The Fourteenth Amendment Due Process and Equal Protection Clauses only require states to provide indigent defendants with a trial transcript free of charge when it is necessary for meaningful appellate review. *See Griffin v. Illinois*, 351 U.S. 12, 19-20 (1956). The state is not required to furnish complete transcripts "so that the defendants . . . may conduct 'fishing expeditions' to seek out possible errors at trial." *Jackson v. Estelle*, 672 F.2d 505, 506 (5th Cir. 1982).

Petitioner has not established that the entire trial transcript and record was necessary for litigating his federal petition. Indeed, Petitioner's unsuccessful efforts to obtain his state records at no cost did not prevent him from filing two lengthy state habeas petitions or his federal habeas

petition raising over twenty allegations. Moreover, the lack of access to state court records by an inmate does not present the "rare and exceptional" circumstances that would warrant equitable tolling. *See Tiner v. Treon*, 232 F.3d 210 (5th Cir. 2000) (unpublished) (holding allegations that the State, the district attorney, and his attorney on direct appeal would not provide inmate a copy of his state records did not constitute rare and exceptional circumstances warranting equitable tolling); *Roughley v. Cockrell*, 45 Fed. App'x 326 (5th Cir. 2002) (unpublished) (rejecting a claim for equitable tolling based on an inmate's unfulfilled request for state court records). Difficulty obtaining records is, in fact, a common problem among inmates who are trying to pursue post-conviction habeas relief and, thus, is not an exceptional circumstance that warrants equitable tolling. Consequently, Petitioner has not demonstrated that a state-created impediment prevented him from filing his habeas petition or that he is entitled to equitable tolling on this ground.

    2.    <u>Inadequate Law Library</u>

Petitioner next contends his prison unit's inadequate law library contributed to his late filing because he did not have twenty-four-hour access to Westlaw or other legal material. Because he did not have access to the "same appellate tools" available to the State's attorneys, Petitioner argues equitable tolling should apply. To prevail on such claim, a prisoner must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a claim." *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (emphasizing the prisoner must factually demonstrate that the subpar library or access thereto actually prevented him from untimely filing his petition); *Egerton v. Cockrell*, 334 F.3d 433, 437 (5th Cir. 2003) ("an inadequate law library does not constitute a 'rare and exceptional' circumstance warranting equitable tolling").

Petitioner has failed to allege specific facts regarding how the prison's library was inadequate or how his lack of unfettered access thereto prevented him from filing a timely habeas application. While Petitioner complains of the limited access to the library, he concedes he was given ten hours a week to conduct legal research, and the record indicates he was able complete two lengthy state habeas petitions and the instant federal petition raising over twenty allegations. Further, this Court is unaware of any constitutional requirement that prison inmates be given access to Westlaw or the same resources that are available to government attorneys. Petitioner has thus not presented a "rare and exceptional" circumstance that would warrant equitable tolling.

3. <u>Notice from TCCA</u>

Next, Petitioner asserts that the TCCA failed to notify him that his PDR was refused. According to Petitioner, he did not receive notice of the refusal until March 2018 after making an inquiry with the Fourth Court of Appeals. In certain circumstances, long delays in receiving notice of state court action may warrant equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (four-month delay may qualify for equitable tolling); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (finding that a delay in receiving information for "months and months" may qualify for equitable tolling). But to warrant tolling under such circumstances a petitioner must not only demonstrate a "substantial" delay in receiving notice of the denial; he must also show he "pursued the [habeas corpus relief] process with diligence and alacrity" both before and after receiving notification. *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009); *Phillips*, 216 F.3d at 511 (requiring that a petitioner show diligence upon notification).

To start, Petitioner's assertion that he did not receive notice concerning his PDR is belied by the record provided by Petitioner. Attached to his Reply are two letters from his appellate counsel—one indicating a PDR has been filed on his behalf and the other informing him his PDR

7

has been refused. (ECF No. 24 at 9-12). While both letters are dated November 17, 2016, it is clear this was a typographical error in the second letter as counsel refers to an event—the denial of his PDR—that did not take place until February 2017. It is much more likely that Petitioner received this letter from counsel shortly after the denial of the PDR but that counsel forgot to alter the date in the letter. This is confirmed by the prison mail logs submitted by Respondent which reflect that Petitioner received a letter from counsel on February 10, 2017, nine days after the denial of his PDR. (ECF No. 18-1).

In any event, Petitioner fails to demonstrate that he has been pursuing habeas corpus relief "with diligence and alacrity" before receiving notification. *Hardy*, 577 F.3d at 598. Petitioner contends that he did not receive notice of the denial of his PDR until March 2018 after sending a letter to the intermediate appellate court inquiring into the status of his appeal. This letter was dated February 9, 2018. (ECF No. 10-1 at 19). Once he received notice, Petitioner filed his first state habeas application in the state trial court almost immediately. (ECF No. 19-24 at 7). However, Petitioner was notified by appellate counsel that a PDR was filed on his behalf as far back as November 17, 2016 (ECF No. 24 at 10), yet has provided no evidence or argument that he inquired into the status of his PDR sooner than his February 2018 letter. It thus appears Petitioner waited almost 15 months before inquiring into the status of his PDR, and then immediately filed his first state habeas petition upon learning of the PDR's refusal. This lack of diligence weighs against the application of the equitable tolling doctrine. *Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999).

   4.   <u>Appellate Counsel</u>

In a related argument, Petitioner contends he was prevented from timely filing by his appellate counsel, Julie Pollock, who allegedly never informed Petitioner that his PDR was refused despite "numerous inquiries" from Petitioner into the status of his appeal. (ECF No. 5).

But as discussed in the previous section, Petitioner's allegation that his appellate counsel failed to communicate with him is belied by the record. Further, Petitioner has provided no support for his assertion that he repeatedly inquired into the status of appeals and is thus conclusory. "Absent evidence in the record," however, this Court will not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . , unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (citing *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983)). Petitioner's bald assertion that his appellate counsel prevented him from exercising his legal rights is not supported or substantiated by anything in the record, and thus lacks probative evidentiary value.

5. Diligence

Finally, a prerequisite to the application of equitable tolling is a showing that the petitioner has diligently pursued § 2254 relief. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). A petitioner who closely misses the limitations period may be denied equitable tolling if he previously had ample time to pursue habeas relief but failed to utilize it. *Ott*, 192 F.3d at 514. In this case, Petitioner inexplicably waited over 13 months after his PDR was refused to file his first state habeas application, leaving himself virtually no room for error once the state court ruled on the application. Because he did not exercise diligence in pursuing habeas relief, equitable tolling is unwarranted. *Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where, *inter alia*, the petitioner had waited seven months to file his state application); *see also North v. Davis*, 800 F. App'x 211, 214-15 (5th Cir. 2020) (unpublished) (finding an "eleven-month delay in filing his initial state application weighs against a finding of diligence.").

C.  **Actual Innocence**

Petitioner also contends his petition should not be barred by the limitations period because he is actually innocent of the crimes for which he was convicted. In *McQuiggin*, 569 U.S. at 386, the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo,* 513 U.S. 298, 329 (1995). But "tenable actual-innocence gateway pleas are rare," and, under *Schlup*'s demanding standard, the gateway should open only when a petitioner presents new "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin,* 569 U.S. at 386, 401 (*quoting Schlup,* 513 U.S. at 316). In other words, Petitioner is required to produce "*new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 324.

Petitioner does not meet this demanding standard. Indeed, Petitioner's argument relies exclusively on evidence—a letter from his trial counsel alleged obtained in May 2019 concerning an undisclosed plea offer—that he contends supports his allegation that trial counsel was ineffective. But neither counsel's letter nor Petitioner's conclusory argument that counsel was ineffective constitute "*new* reliable evidence" establishing Petitioner's innocence. Moreover, Petitioner's arguments were already rejected by the state court during Petitioner's state habeas proceedings and do not undermine confidence in the outcome of his trial. Consequently, the untimeliness of Petitioner's federal habeas petition will be not excused under the actual-innocence exception established in *McQuiggin*.

### III. <u>Certificate of Appealability</u>

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id.* In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack*, 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## IV. Conclusion

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 3) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Terrence Carmicheal's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 3) is **DISMISSED WITH PREJUDICE** as time-barred;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions are **DENIED** and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the 15 day of July, 2020.

DAVID A. EZRA
SENIOR U.S. DISTRICT JUDGE